IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALCOLM FLOYD STEPHENS, <br> # 03666-053, <br> <br> Petitioner, <br> v. <br> <br> D. JOSLIN, Warden, FCI-Seagoville, <br> <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:05-CV-0665-L |

**MEMORANDUM OPINION AND ORDER**

Petitioner Malcolm Floyd Stephens has filed this application for the writ of habeas corpus under 28 U.S.C. § 2241.[1] Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 14, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which objections were filed on July 27, 2005.

The magistrate judge recommended that Garcia's § 2241 petition be denied, as petitioner has failed to meet the requirements of § 2241. In his objections, Petitioner contends that he has met the requirements of § 2241 since: (1) he has exhausted his § 2255 remedies; and (2) pursuant to *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, __ U.S. __, 124 S.Ct.

---

[1] Petitioner is currently incarcerated at FCI-Seagoville in Seagoville, Texas, serving a sentence of 180 months imposed on him by the United States District Court for the Eastern District of Oklahoma (the "district court"), on December 14, 1999, for attempting to manufacture methamphetamine. His conviction was affirmed by the Tenth Circuit Court of Appeals on August 7, 2000. *See United States v. Stephens*, 229 F.3d 1165 (10th Cir. 2000)(unpublished table opinion). Petitioner subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court on August 9, 2001. The Tenth Circuit denied Petitioner a certificate of appealability on August 6, 2002. Petitioner then attempted to file a second § 2255 motion in the district court, which was transferred to the Tenth Circuit Court of Appeals on February 8, 2005. The Tenth Circuit denied him authorization to file a second habeas petition on March 17, 2005. Petitioner then filed this petition for relief under 28 U.S.C. § 2241.

**Memorandum Opinion and Order – Page 1**

2531 (2004), his sentence in this case was unconstitutional.[2]  Petitioner's objections are without merit.  As the magistrate judge correctly stated, a collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88.  Habeas relief, however, may be appropriate when the remedy provided under § 2255 is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001(2001).  A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830 (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001)).  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Although Petitioner's *Booker* argument was foreclosed by Fifth Circuit precedent at the time of his trial and § 2255 motion, such a claim does not implicate his conviction for a substantive offense.  Moreover, *Booker* has not been held to apply retroactively to cases on collateral review. *Booker,* __ U.S. ___, 125 S.Ct. 769 (Breyer, J.); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir.2005) (and cases cited therein) (holding that *Booker* is not applicable to cases already final). As

---

[2]In *Blakely*, the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act violated the Sixth Amendment to the United States Constitution since the maximum sentence a judge may impose is the sentence authorized "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2537.  In *Booker*, the Supreme Court (relying on *Blakely*) found the federal Sentencing Guidelines unconstitutional insofar as they mandated sentencing enhancements above the Guidelines range, and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.Ct. at 756.

**Memorandum Opinion and Order – Page 2**

the magistrate judge also correctly noted, that petitioner may be precluded from raising this claim in a second or successive § 2255 motion does not make that remedy "inadequate or ineffective." *Jeffers*, 253 F.3d at 830.  Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, along with Petitioner's objections thereto, the court determines that the findings and conclusions are correct in recommending dismissal of the § 2241 petition. Accordingly, the magistrate's findings and conclusions are accepted as those of the court. Petitioner's § 2241 petition for the writ of habeas corpus is **denied**, and this action is **dismissed with prejudice**.  Final judgment will be issued by separate document.

**It is so ordered** this 9th day of August, 2005.

Sam A. Lindsay
United States District Judge